OPINION
Appellant, Delaneo Franklin, appeals the determination by Judge Michael Corrigan that he is a sexual predator pursuant to R.C. 2950.09(A). He alleges ten constitutional errors and one evidentiary challenge to the ruling. For the following reasons we reverse.
In 1989, Franklin had a public argument with Marlo Boyd, the mother of his child. Franklin struck Boyd and another female with a brick. He was charged with felonious assault with specifications in Cuyahoga County Common Pleas Court Case No. CR-243951. Ten months later with the prior charges pending, he forced his way into Boyds home, threatened to kill her, raped her, later brandished a kitchen knife and struck her. He was charged with rape, aggravated burglary and kidnapping in Case No. CR-252935.
As a result of plea bargains in these two cases, Franklin pleaded guilty to two charges of felonious assault in Case No. CR-243951, one court of sexual battery, and one count of aggravated burglary in Case No. CR-252935. He was sentenced to eight to fifteen years on the earlier charge to be served consecutively with his sentence in the latter case: two years imprisonment for the sexual battery and ten to twenty-five years for the aggravated burglary. The sentences were suspended and he was placed on five years probation.
Less than one month after sentencing, Franklin again broke into Boyd's home, stabbed her, and beat her with his fists and a baseball bat. He was charged with, and pleaded guilty to, one count of aggravated burglary and one court of felonious assault in Case No. CR-257817. His sentences of ten to twenty-five years and eight to fifteen years imprisonment on these charges were to be served concurrently with his previous sentences as he was also found to be a probation violator. In all, Franklin is serving an aggregate term of twenty to forty years imprisonment.
As a result of the recommendation of the Ohio Department of Correction and Rehabilitation, Judge Michael Corrigan held a hearing to determine whether to classify Franklin as a sexual predator. He took judicial notice of the docket entries in Case Nos. CR-243951, CR-252935, and CR-257817 and of the presentence investigation report prepared in Case No. CR-252935. Neither Franklin nor the prosecuting attorney presented any additional evidence. Relying on this information, the trial court summarily classified Franklin as a sexual predator under R.C. 2950.09(A), not under R.C. 2950.09(C) as the prosecutor had suggested, and as the Revised Code requires.
 I.
Franklins first assignment of error reads:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10. OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION AND VIOLATES ART. II. SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2D 570, the syllabus reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
On the authority of the syllabus of Cook, supra, appellants first assignment of error is not well taken.
 II.
Appellants second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error read:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION EASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10
OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Franklins assignments of error and argument are identical to those considered by this court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72731, unreported. In Ward, supra, this court found these assignments of error to be without merit. Accordingly, Franklins second and fourth through eleventh assignments of error are not well taken.
 III.
Franklins third assignment of error reads:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In this assignment of error, appellant argues that the evidence by which he was determined to be a sexual predator was insufficient as a matter of law. A sexual predator is defined by R.C. 2950.01(E), which reads:
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Pursuant to R.C. 2950.09(B), the trial court is to make a determination that an offender is a sexual predator by considering all evidence presented, to include the following non-inclusive list of factors:
(a) The offenders age;
 (b) The offenders prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
R.C. 2950.09(B)(2).
After hearing, the trial court may classify a sexual offender as a sexual predator if the state has proven by clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). Clear and convincing evidence is that evidence which allows a trier of fact to form a firm belief or conviction in the decision. Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus.
In this case, the evidence presented against Franklin consisted of convictions arising from violent acts, but only one which contains a sexual animus. Few of the factors listed in R.C.2950.09(B)(2), apply to the facts before the trial court: there was no great disparity between Franklins and his victims age and his victim was an adult, R.C. 2950.09(a),(c); there was no pattern of sexual abuse apparent on the record, R.C. 2950.09(h); there was no evidence that Franklin used drugs or alcohol to commit his sexual offense, R.C. 2950.09(e); and there was no evidence of prior sexual offenses, R.C. 2950.09(b).
Accordingly, we cannot say that on these facts, Franklins single sexual offense provided clear and convincing evidence that he would be likely to commit one or more sexual offenses in the future. We are mindful not to foreclose the possibility that a single sexual offense could be the basis for a determination that an offender is a sexual predator. We stated in Ward, "[S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Ward at 12.
Franklins third assignment of error is well taken. We reverse the trial courts determination that Franklin is a sexual predator.
Judgment reversed.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J.,
KENNETH ROCCO, J., CONCUR
JUDGE, ANNE L. KILBANE